# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JORGE HERRERA AND MARIA HERRERA | * | |
| | * | |
| v. | * | Civil No. – JFM-15-1247 |
| | * | |
| NATIONSTAR MORTGAGE LLC, ET AL. | * | |

## MEMORANDUM

Defendants have filed a partial motion to dismiss plaintiffs' complaint. The motion is granted in part and denied in part.

The motion is directed only to plaintiffs' first cause of action under the Real Estate Settlement Procedures Act ("RESPA") and the second cause of action for breach of contract insofar as it relates to an alleged 2009 loan modification agreement ("2009 Modification").

The motion is granted as to the RESPA claims except for the claim as to the November 13, 2014 QWR. Defendants did respond to the October 7, 2014 and the January 8, 2015 QWR. Defendants apparently did not submit a timely response to the November 13, 2014 QWR, and it is for this reason that defendants' motion is being denied as to that QWR.

Defendants are correct in their contention that 12 U.S.C. § 2605(e) does not require that a loan servicer resolve disputes to the satisfaction of the inquiring borrower. Rather, a loan servicer is required only to provide "to the extent now applicable, a statement of the reasons for which the servicer believes that the account of borrower is correct as determined by the servicer." 12 U.S.C. § 2605(e)(2)(B). To the extent that plaintiffs argue in their opposition to defendants' motion that their QWRs requested either enumerated items which were not provided with the defendants' QWR responses, the fact of the matter is that defendants were not required

to provide that information. *See generally Bullock v. Ocwen Loan Servicing, LLC*, 2015 WL 5008773 (Aug. 20, 2015). The QWR responses each state that the payment history was included with the response.

As for the breach of contract claim asserted in connection with the 2009 Modification, plaintiff's position is not viable. The 2009 Modification was not, as contended by plaintiffs, "under seal." Likewise, the continuing harm doctrine provides no solace to plaintiffs. Plaintiffs "knew or should have known of the injury or harm" that they suffered more than three years before they instituted this action. *See generally MacBride v. Pishvaian*, 402 Md. 572, 584 (2007).

Date: 4/26/16

J. Frederick Motz
United States District Judge

2016 APR 26 PM 1:31
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY
U.S. DISTRICT COURT
FILED